12-4705-ag
*Londono Jaime v. Holder*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand and fourteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FRANCISCO JAVIER LONDONO JAIME,

        *Petitioner,*

                -v.-                                             No. 12-4705-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**        Kevin E. Dehghani, New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**        Stuart F. Delery, Assistant Attorney General;
                                        William C. Peachey, Assistant Director;
                                        Brianne Whelan Cohen, Acting Senior
                                        Litigation Counsel, Office of Immigration
                                        Litigation, United States Department of
                                        Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED in part and GRANTED in part**.

Francisco Javier Londono Jaime, a native and citizen of Colombia, seeks review of a November 14, 2012, decision of the BIA affirming the November 8, 2010, decision of an Immigration Judge ("IJ") ordering his removal. *In re Francisco Javier Londono Jaime*, No. A077 555 522 (BIA Nov. 14, 2012), *aff'g* No. A077 555 522 (Immig. Ct. Hartford Nov. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Jaime challenges the agency's denials of a continuance and adjustment of status. Turning first to the continuance ruling, we review such a denial for an abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).

The IJ acknowledged that Jaime's mother's 2009 visa petition on his behalf had been approved and found that Jaime appeared eligible to adjust status. Despite these findings, the IJ denied a continuance because the case had been pending for nearly five years, it would take approximately three years for visa numbers to become current, and continuances had already been granted. However, both BIA and Second Circuit precedent establish that under the circumstances of this case, a continuance generally should be granted. *See Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007) ("It is a matter of long-standing and express BIA policy that, as a general matter, an alien is entitled to a continuance of removal proceedings against him while a 'prima facie approvable' I-130 immigrant visa petition is pending in front of the District Director." (quoting *In re Garcia*, 16 I. & N. Dec. 653, 656–57 (BIA 1978)); *In re Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009) ("[D]iscretion should be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of an ongoing removal hearing.").

Although the IJ identified factors weighing against granting a continuance, the BIA has held that "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Hashmi*, 24 I. & N. Dec. at 790. Because the IJ found that Jaime was likely to succeed on the adjustment application, we conclude that the denial of a continuance was an abuse of discretion, particularly as the length of the proceedings here has been due, in part, to Jaime's successful first petition for review. We therefore grant the petition for review on this basis and remand for further consideration of whether a continuance is warranted.

On remand the agency may wish to consider the effect of the BIA's decision in *In re Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), which was issued after the immigration court denied a continuance in part due to the government's opposition and in an effort to clear its docket. *Avetisyan* resolved both issues. It overturned prior precedent that a party's objection precluded administrative closure and held that "[i]n general, administrative closure may be appropriate to await an action or event that is relevant to immigration proceedings but is outside the control of the parties or the

2

court and may not occur for a significant or undetermined period of time." *Id.* at 692. Notably, the BIA has repeatedly urged the use of administrative closure of cases "[i]n appropriate circumstances, such as where there is a pending prima facie approvable visa petition." *Hashmi*, 24 I. & N. Dec. at 791 n.4; *see also In re Rajah*, 25 I. & N. Dec. 127, 135 n.10 (BIA 2009). Here, administrative closure would alleviate the IJ's concerns about granting an open-ended and lengthy continuance.

We now turn to the denial of adjustment of status based on the visa petition Jaime's mother filed in 2000. Although we lack jurisdiction over the denial of such discretionary relief, we retain jurisdiction over questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D). Jaime raises two questions of law, which we consider in turn.

First, Jaime argues that neither he nor his mother received notice of the automatic revocation of his visa petition, despite the notice requirement under 8 C.F.R. § 205.1(b),[1] and, consequently, the approval of his first petition should be deemed valid.[2] Jaime's argument is undermined by the regulation's title and the language of the notice provision. As the BIA found, § 205.1 governs "automatic revocation" of a visa petition, and does not condition revocation on notice (in contrast to 8 C.F.R. § 205.2, governing revocation on notice). *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008) (providing that the agency's interpretation of its own regulation is accorded substantial deference unless it is "inconsistent with the plain language of the regulation"). Nor does the regulation provide that a revocation takes no effect until notice is issued. Rather, the regulation provides that when the director discovers that a visa petition is subject to automatic revocation, the director is then required to provide notice. Therefore, the lack of any notice to Jaime or his mother does not equate to the revocation having no effect.[3]

---

[1] The regulation, titled "Notice," states:

> When it shall appear to the director that the approval of a petition has been automatically revoked, he or she shall cause a notice of such revocation to be sent promptly to the consular office having jurisdiction over the visa application and a copy of such notice to be mailed to the petitioner's last known address.

8 C.F.R. § 205.1(b).

[2] The Government contends that Jaime does not have statutory standing to raise the issue of notice, because his mother was the applicant for the visa petition, while he was only the beneficiary. Two of our sister courts of appeals have come to this conclusion. *See Contreras v. Attorney Gen. of U.S.*, 665 F.3d 578, 586 (3d Cir. 2012); *Echevarria v. Keisler*, 505 F.3d 16, 18 (1st Cir. 2007). The Sixth Circuit, in contrast, follows a broader "zone of interest" test. *See Bangura v. Hansen*, 434 F.3d 487, 498–99 (6th Cir. 2006). We need not resolve this issue now; even assuming *arguendo* that Jaime has standing, we deny the petition for the reasons stated above.

[3] Although lack of notice does not affect whether a petition is automatically revoked, we do not foreclose the possibility that such failure to give notice might have ancillary consequences (for example, as a factor to be considered in granting continuances, where failure to give notice delays actions by the petitioner).

Second, Jaime argues that the language of 8 U.S.C. § 1155[4] conflicts with 8 C.F.R. § 205.1, as the statute provides that the government "may" revoke a visa petition, but the regulation provides for automatic revocation of a visa petition. This argument is analogous to the one examined by this Court in *Samuels v. Chertoff*, 550 F.3d 252 (2d Cir. 2008). In *Samuels*, the statute at issue, 8 U.S.C. § 1182(h), granted the Attorney General discretion to act, while a regulation, 8 C.F.R. § 1212.7(d), provided that there were certain circumstances under which the Attorney General would not favorably exercise discretion under the statute. 550 F.3d at 258. The Court held that the statute provided "broad discretion to the Attorney General with respect to waivers," and the regulation "simply guides the Attorney General's discretion in cases involving aliens who are inadmissible." *Id.* at 257. Similarly, the statute at issue in this case, § 1155, grants the Secretary of Homeland Security broad discretion to revoke an approved visa petition, while the regulation identifies certain circumstances in which the Secretary of Homeland Security will not favorably exercise discretion under the statute, such as when a petition is revoked because the alien no longer fits the family preference category. In light of *Samuels*, it cannot be said that the language of 8 U.S.C. § 1155 and 8 C.F.R. § 205.1 conflict so as to render the regulation unenforceable.

For the foregoing reasons, the petition for review is **DENIED in part and GRANTED in part**, and **REMANDED** to the BIA for further proceedings in accordance with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Section 1155 states:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.

8 U.S.C. § 1155.