**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARTE DETERA CORRAL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-70995<br><br>Agency No. A087-055-112<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Ricarte Detera Corral, a native and citizen of the Philippines, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from a decision of an immigration judge ("IJ") denying his motions for a

continuance and administrative closure of removal proceedings. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *see*

*Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), we

deny the petition for review.

The BIA did not abuse its discretion by denying for lack of good cause

Corral's motion for a second continuance to wait for the government's adjudication

of his request for humanitarian reinstatement of his previously revoked immigrant-

visa petition. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ

'may grant a motion for continuance for good cause shown.'" (citation omitted)).

Corral conceded his removability and ineligibility for any relief from removal, and

the basis for the continuance remained a speculative possibility at the time of his

final removal hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance

based on . . . speculations."); *see also Sandoval-Luna*, 526 F.3d at 1247 (rejecting a

challenge to an IJ's denial of a continuance where "no relief was then immediately

available"). In light of this disposition, the BIA correctly declined to address

Corral's argument regarding the effect of the visa-petition revocation. *See*

*Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule . . .

agencies are not required to make findings on issues the decision of which is

unnecessary to the results they reach." (citation omitted)).

13-70995

Assuming without deciding that we have jurisdiction to review Corral's motion for administrative closure, the BIA did not abuse its discretion by denying the motion, where Corral failed to provide any evidence to demonstrate a likelihood that his request for a discretionary grant of humanitarian reinstatement would succeed such that he would be prima facie eligible for adjustment of status in recalendared proceedings. *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012) (holding that, for administrative closure, it is appropriate for the BIA to weigh the likelihood of success of an application and the ultimate outcome of recalendared removal proceedings).

In ruling on Corral's motion for administrative closure, the BIA permissibly conducted a de novo review instead of remanding the matter to the IJ, where adjudication of the motion required only an application of law to undisputed facts. *See Brezilien v. Holder*, 569 F.3d 403, 412 n.3 (9th Cir. 2009) ("The Board may review questions of law . . . de novo." (citation omitted)); *see also Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) ("Questions of law include . . . the application of law to 'undisputed facts.'" (citation omitted)). The BIA also applied the correct legal standard to the motion. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard"

13-70995

in a case where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

Finally, the BIA's de novo review of Corral's motions for a continuance and administrative closure rendered harmless any alleged errors by the IJ in ruling on these motions. *See Brezilien*, 569 F.3d at 411.

**PETITION FOR REVIEW DENIED.**