# Matter of Bavakan AVETISYAN, Respondent

*Decided January 31, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Pursuant to the authority delegated by the Attorney General and the responsibility to exercise that authority with independent judgment and discretion, the Immigration Judges and the Board may administratively close removal proceedings, even if a party opposes, if it is otherwise appropriate under the circumstances. *Matter of Gutierrez*, 21 I&N Dec. 479 (BIA 1996), overruled.

(2)  In determining whether administrative closure of proceedings is appropriate, an Immigration Judge or the Board should weigh all relevant factors, including but not limited to:  (1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

FOR RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Wendy L. Wallace, Assistant Chief Counsel

BEFORE: Board Panel: MILLER, ADKINS-BLANCH, and GUENDELSBERGER, Board Members.

MILLER, Board Member:

In a decision dated June 25, 2009, an Immigration Judge administratively closed the removal proceedings against the respondent.  The Department of Homeland Security ("DHS") has filed this interlocutory appeal from that decision.  To avoid piecemeal review of the myriad questions that may arise in the course of proceedings before us, we do not ordinarily entertain interlocutory appeals. *See Matter of Ruiz-Campuzano*, 17 I&N Dec. 108 (BIA 1979).  We have, however, on occasion ruled on the merits of interlocutory appeals where we deemed it necessary to address important jurisdictional questions regarding the administration of the immigration laws or to correct

recurring problems in the handling of cases by Immigration Judges. *See, e.g.*, *Matter of Guevara*, 20 I&N Dec. 238 (BIA 1990, 1991); *Matter of Dobere*, 20 I&N Dec. 188 (BIA 1990). Inasmuch as this appeal raises an important question regarding the administration of proceedings under our immigration laws, we will address it. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Armenia. On April 21, 2004, the DHS personally served the respondent with a Notice to Appear (Form I-862), which alleged that she was admitted to the United States on or about March 8, 2003, as a nonimmigrant J-1 exchange visitor for special studies and that her participation in the program ended on March 30, 2003. The Notice to Appear charged that the respondent was removable under section 237(a)(1)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(C)(i) (2000), as a nonimmigrant who failed to maintain or comply with the conditions of the status under which she was admitted. At a hearing on June 3, 2004, the respondent admitted the factual allegations and conceded the charge but indicated that she wished to apply for relief from removal.

At a subsequent hearing on November 15, 2006, the respondent advised the Immigration Judge that she had recently married, that she and her husband had a United States citizen child, and that her husband was in the process of becoming a naturalized United States citizen and would be filing a visa petition on her behalf. The Immigration Judge continued the hearing for proof of the husband's naturalization and filing of the visa petition.

At the next hearing on February 14, 2007, the respondent presented proof that the visa petition was filed on January 29, 2007, but indicated that her husband had not yet been sworn in as a citizen. The Immigration Judge again continued the proceedings. On June 14, 2007, the respondent informed the Immigration Judge that her husband had become a citizen and that they had been interviewed in connection with the visa petition on May 30, 2007, but that additional documents had been requested.[1] During continued proceedings on September 25, 2007, the respondent stated that she had provided all of the requested documents and was awaiting adjudication of the visa petition.

The Immigration Judge granted five additional continuances for the adjudication of the pending visa petition. During the December 11, 2007, hearing, counsel for the DHS indicated that she did not have the file and that it was possibly with the visa petition unit. On April 15, 2008, counsel for the

---

[1] Although the record before us does not include the husband's certificate of naturalization, there is no allegation from the DHS that he is not now a United States citizen.

DHS explained that the file was being transferred back and forth for each hearing before the Immigration Judge.  At that time, the respondent sought administrative closure of the case pending the adjudication of the visa petition, to which the DHS counsel objected.

Two subsequent hearings were held on January 5, 2009, and April 21, 2009.  During the final hearing on June 25, 2009, the respondent again asked that proceedings be administratively closed.  The DHS counsel opposed administrative closure and requested one additional continuance.  The Immigration Judge denied the DHS's request and administratively closed the proceedings.

## II.  ISSUE

The issue before us is whether an Immigration Judge or the Board has the authority to administratively close a case if either party to the proceeding opposes.  We review this question of law de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2011).

## III.  ANALYSIS

Administrative closure is a procedural tool created for the convenience of the Immigration Courts and the Board.[2]  *Matter of Gutierrez*, 21 I&N Dec. 479, 480 (BIA 1996).  In *Gutierrez*, we held that a case may not be administratively closed if either of the parties has opposed.  We now find that it is improper to afford absolute deference to a party's objection, and we hold that an Immigration Judge or the Board has the authority to administratively close a case, even if a party opposes, if it is otherwise appropriate under the circumstances.

### A.  Authority of the DHS, the Immigration Judge, and the Board

Immigration proceedings are civil proceedings undertaken to determine an individual's eligibility to remain in the United States.  *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984); *Matter of D-R-*, 25 I&N Dec. 445, 462 (BIA 2011).  The DHS is invested with the sole discretion

---

[2] Administrative closure is not limited to the immigration context.  It is utilized throughout the Federal court system, under a variety of names, as a tool for managing a court's docket. *See St. Marks Place Hous. Co., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 610 F.3d 75, 80-81 (D.C. Cir. 2010); *Ali v. Quarterman*, 607 F.3d 1046, 1047-48 (5th Cir. 2010); *Penn-America Ins. Co. v. Mapp*, 521 F.3d 290, 295-96 (4th Cir. 2008); *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250-51& nn.11-13 (5th Cir. 2006).

to commence removal proceedings. *See* 8 C.F.R. § 239.1(a) (2011); *see also* 8 C.F.R. § 235.6(a) (2011). Removal proceedings are commenced by the filing of a notice to appear with the Immigration Court, with service on the respondent. Section 239 of the Act, 8 U.S.C. § 1229 (2006); 8 C.F.R. § 1239.1 (2011). Prior to the commencement of proceedings, the DHS may cancel a notice to appear for specified reasons. 8 C.F.R. §§ 239.2(a), 1239.2(a) (2011). Thereafter, the DHS may move to dismiss proceedings on any ground that may have warranted cancelling the notice to appear. 8 C.F.R. §§ 239.2(c), 1239.2(c).

Once the notice to appear is filed with the Immigration Court, jurisdiction over proceedings vests with the Immigration Judge. 8 C.F.R. § 1003.14(a) (2011). In immigration proceedings, it is the Immigration Judge's responsibility to determine whether the respondent is subject to removal as charged in the notice to appear and to adjudicate the respondent's application for relief from removal, if any. Sections 240(a)(3), (c)(1)(A) of the Act, 8 U.S.C. §§ 1229a(a)(3), (c)(1)(A) (2006); 8 C.F.R. §§ 1240.1(a)(1)(i), 1240.11 (2011). In conducting proceedings, an Immigration Judge exercises the powers and duties delegated by law and by the Attorney General of the United States through regulation. 8 C.F.R. § 1003.10(b) (2011). An Immigration Judge has the authority to regulate the course of the hearing and to take any action consistent with applicable law and regulations as may be appropriate. 8 C.F.R. §§ 1240.1(a)(1)(iv), (c). In deciding individual cases, an Immigration Judge must exercise his or her independent judgment and discretion and may take any action consistent with the Act and regulations that is appropriate and necessary for the disposition of such cases. 8 C.F.R. § 1003.10(b).

The Board is similarly empowered by the Attorney General through regulation to resolve the questions before it on appeal in a manner that is timely, impartial, and consistent with the Act. 8 C.F.R. § 1003.1(d)(1). Board Members must exercise independent judgment and discretion in considering and determining the cases coming before them, and they may take any action consistent with their authority under the Act and the regulations as is appropriate and necessary for the disposition of the case. 8 C.F.R. § 1003.1(d)(1)(ii).

During the course of proceedings, an Immigration Judge or the Board may find it necessary or, in the interests of justice and fairness to the parties, prudent to defer further action for some period of time. One option available to an Immigration Judge is a continuance. Because it keeps a case on the Immigration Judge's active calendar, a continuance may be appropriately utilized to await additional action required of the parties that will be, or is expected to be, completed within a reasonably certain and brief amount of time. Pursuant to regulation, a continuance may be granted at the

Immigration Judge's own instance or, for good cause shown, upon the request of a party.  8 C.F.R. §§ 1003.29, 1240.6 (2011); *see also Matter of Silva-Rodriguez*, 20 I&N Dec. 448 (BIA 1992); *Matter of Perez-Andrade*, 19 I&N Dec. 433 (BIA 1987); *Matter of Sibrun*, 18 I&N Dec. 354 (BIA 1983).

Administrative closure, which is available to an Immigration Judge and the Board, is used to temporarily remove a case from an Immigration Judge's active calendar or from the Board's docket. *Matter of Gutierrez*, 21 I&N Dec. at 480.  In general, administrative closure may be appropriate to await an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time.[3]

The Board's published jurisprudence on the issue of administrative closure began in the context of in absentia cases.  In *Matter of Amico*, 19 I&N Dec. 652, 653 (BIA 1988), the Immigration Judge administratively closed the case over the objection of the former Immigration and Naturalization Service ("INS") when the alien failed to appear for the last hearing scheduled in deportation proceedings, which had already been continued several times and in which deportability had been established.  We found that administrative closure was inappropriate under the circumstances, where the record at that time indicated that all notice requirements had been met and where administratively closing the case allowed the alien, by simply failing to appear, to avoid an order regarding his deportability and all of the associated consequences. *Id*. at 654; *see also Matter of Lopez-Barrios*, 20 I&N Dec. 203, 204 (BIA 1990); *Matter of Rosales*, 19 I&N Dec. 655, 656 (BIA 1988).

In *Matter of Gutierrez*, 21 I&N Dec. at 480, we stated a general rule that "[a] case may not be administratively closed if opposed by either of the parties."  This statement, which has been interpreted as investing a party, typically the DHS, with absolute veto power over administrative closure requests, is troubling in a number of respects.  First, in *Gutierrez*, we had administratively closed the alien's appeal pursuant to the settlement agreement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991), so that she could apply for temporary protected status, and the issue was whether the alien could obtain reopening of proceedings to pursue an application for adjustment of status when there had been no request for the Board to reinstate the appeal or for the Immigration Judge to recalendar the case.  There was no issue as to the propriety of administrative closure and

---

[3] Outside the immigration context, see, for example, *Penn-America Ins. Co. v. Mapp*, 521 F.3d at 293-96, discussing a Federal district court's administrative closure of the indemnification portion of a declaratory judgment action between the insurer and the insured pending the resolution of the factual dispute in the State court suit between the insured and an accident victim.

no indication that administrative closure had ever been opposed.  Also, there was no concern that the alien would improperly benefit from administrative closure, as in the in absentia context in *Matter of Amico*.

More importantly, the rule stated in *Gutierrez* directly conflicts with the delegated authority of the Immigration Judges and the Board and their responsibility to exercise independent judgment and discretion in adjudicating cases and to take any action necessary and appropriate for the disposition of the case.  The circuit courts and the Board have rejected the notion that a party to proceedings may exercise absolute veto power over the authority of an Immigration Judge or the Board to act in proceedings involving motions to reopen or requests for continuances.

Specifically, the United States Courts of Appeals for the Second, Sixth, and Ninth Circuits have criticized our decision in *Matter of Velarde*, 23 I&N Dec. 253, 256-57 (BIA 2002), where we listed five factors required for granting a motion to reopen to apply for adjustment of status based on a pending family-based visa petition, one of which was the Government's lack of opposition to the motion.  *Ahmed v. Mukasey*, 548 F.3d 768, 772 (9th Cir. 2008); *Melnitsenko v. Mukasey*, 517 F.3d 42, 50-52 (2d Cir. 2008); *Sarr v. Gonzales*, 485 F.3d 354, 363-64 (6th Cir. 2007).  The courts indicated that permitting the DHS to unilaterally block such a motion to reopen interfered with the Board's exercise of its independent judgment and discretion.

Following the reasoning in those cases, we held in *Matter of Lamus*, 25 I&N Dec. 61, 64-65 (BIA 2009), that a motion to reopen under *Matter of Velarde* may not be denied based solely on DHS opposition to the motion and without regard to the merit of that opposition.  Rather, arguments advanced in opposition to a motion should be considered but should not preclude an Immigration Judge or the Board from exercising independent judgment and discretion in adjudicating that motion.  *Id*. at 65.

In *Matter of Hashmi*, 24 I&N Dec. 785, 790-91 (BIA 2009), we addressed the issue in the context of DHS opposition to a request for a continuance, enumerating nonexclusive factors for an Immigration Judge to address when considering a request for a continuance pending the adjudication of a family-based visa petition, which included the reasonableness of any DHS opposition to a continuance.  We specifically stated that unsupported DHS opposition does not carry much weight and that an Immigration Judge should evaluate the DHS's objection considering the totality of the circumstances.  *Id*. at 791; *see also Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011) (approving of the factors set forth in *Matter of Hashmi*).  In *Matter of Rajah*, 25 I&N Dec. 127, 135-36 (BIA 2009), we endorsed the same factors for

consideration when the request for a continuance relates to a pending employment-based visa petition.[4]

As with a motion to reopen or a request for continuance, we are persuaded that neither an Immigration Judge nor the Board may abdicate the responsibility to exercise independent judgment and discretion in a case by permitting a party's opposition to act as an absolute bar to administrative closure of that case when circumstances otherwise warrant such action. Accordingly, we hold that the Immigration Judges and the Board have the authority, in the exercise of independent judgment and discretion, to administratively close proceedings under appropriate circumstances, even if a party opposes. To the extent that *Matter of Gutierrez* and related cases hold, or may be construed to hold, otherwise, we now overrule them. Inasmuch as the circuit courts that have addressed the matter have generally deferred, either explicitly or implicitly, to our decision in *Gutierrez*, we find no legal authority from those courts that constrains us from overruling our decision. *See Vahora v. Holder*, 626 F.3d 907 (7th Cir. 2010); *Cantu-Delgadillo v. Holder*, 584 F.3d 682 (5th Cir. 2009); *Lopez-Reyes v. Gonzales*, 496 F.3d 20 (1st Cir. 2007); *Garza-Moreno v. Gonzales*, 489 F.3d 239 (6th Cir. 2007); *Perez-Vargas v. Gonzales*, 478 F.3d 191 (4th Cir. 2007); *see also Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.1 (10th Cir. 2003).

In reaching this decision, we have considered the respective roles and responsibilities of the DHS, the Immigration Judges, and the Board in removal proceedings. The DHS exercises its prosecutorial discretion when it decides whether to commence removal proceedings and what charges to lodge against a respondent. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *Wayte v. United States*, 470 U.S. 598, 607 (1985). Neither an Immigration Judge nor the Board may review a decision by the DHS to institute proceedings. *Matter of Bahta*, 22 I&N Dec. 1381, 1391 (BIA 2000). However, once jurisdiction over removal proceedings vests with the Immigration Judge, he or she has the authority to regulate the course of those proceedings. 8 C.F.R. §§ 1003.14(a), 1240.1(a)(1)(iv), (c). Administrative closure is a tool used to regulate proceedings, that is, to manage an Immigration Judge's calendar (or the Board's docket). Although administrative closure impacts the course removal proceedings may take, it does not preclude the DHS from instituting or pursuing those proceedings and so does not infringe on the DHS's prosecutorial discretion.

---

[4] In both *Matter of Hashmi*, 24 I&N Dec. at 791 n.4, and *Matter of Rajah*, 25 I&N Dec. at 135 n.10, we encouraged the DHS to consider administrative closure, rather than additional continuances, in appropriate circumstances.

This conclusion is evident from the undisputed fact that administrative closure does not result in a final order. Thus, at any time after a case has been administratively closed, the DHS may move to recalendar it before the Immigration Judge or reinstate the appeal before the Board, or it may seek immediate review of an Immigration Judge's decision to administratively close proceedings by filing an interlocutory appeal.[5] *See Bravo-Pedroza v. Gonzales*, 475 F.3d 1358, 1360 (9th Cir. 2007) (stating that the Government's possible exercise of prosecutorial discretion included appealing the Immigration Judge's decision or filing a motion to reopen). In this way, administrative closure differs from termination of proceedings, where the Immigration Judge or the Board issues a final order, which constitutes a conclusion of the proceedings and which, in the absence of a successful appeal of that decision or a motion, would require the DHS to file another charging document to initiate new proceedings.[6]

In addition, under the guidance provided herein, *infra*, the decision to administratively close proceedings (as opposed to the decision to commence proceedings) involves an assessment of factors that are particularly relevant to the efficient management of the resources of the Immigration Courts and the Board and that are routinely evaluated by Immigration Judges, the Board, and the circuit courts. *See Heckler v. Chaney*, 470 U.S. at 831-32; *Wayte v. United States*, 470 U.S. 598. By way of analogy, we observe that the decision to grant or deny a continuance or a motion to reopen, a matter reserved to the discretion of the Immigration Judge or the Board (rather than the DHS), also impacts the course of removal proceedings initiated by the DHS. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1) (2011). The circuit courts and the Board have crafted meaningful standards for assessing the propriety of such decisions, rejecting the notion that DHS opposition alone is sufficient to act as an absolute bar to action in those contexts. *See Ahmed v. Mukasey*, 548 F.3d 768; *Melnitsenko v. Mukasey*, 517 F.3d 42; *Sarr v. Gonzales*, 485 F.3d 354; *Matter of Rajah*, 25 I&N Dec. 127; *Matter of Lamus*, 25 I&N Dec. 61; *Matter of Hashmi*, 24 I&N Dec. 785.

---

[5] These options are also available to respondents.

[6] Termination of proceedings typically occurs when the Immigration Judge or the Board determines on the merits that the respondent is not removable as charged in the notice to appear. An Immigration Judge has the regulatory authority to terminate proceedings under two provisions not applicable here. *See* 8 C.F.R. §§ 1238.1(e), 1239.2(f) (2011).

### B. Standards for Evaluating When Administrative Closure
### May Be Appropriate

Other than in the previously discussed cases in the in absentia context, we have not specifically addressed the question of when administrative closure is appropriate. We are persuaded that the guidance offered in our decisions on motions to reopen and requests for continuances is useful when adapted to the administrative closure context. Thus, we conclude that when evaluating a request for administrative closure, it is appropriate for an Immigration Judge or the Board to weigh all relevant factors presented in the case, including but not limited to: (1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

Considering these factors, it may, for example, be appropriate for an Immigration Judge to administratively close removal proceedings where an alien demonstrates that he or she is the beneficiary of an approved visa petition filed by a lawful permanent resident spouse who is actively pursuing, but has not yet completed, an application for naturalization. Similarly, it may be appropriate for the Board to administratively close proceedings on appeal where the alien establishes that he or she has properly appealed from the denial of a prima facie approvable visa petition, but the appeal has not been forwarded to the Board for adjudication.

On the other hand, it would not be appropriate for an Immigration Judge or the Board to administratively close proceedings if the request is based on a purely speculative event or action (such as a possible change in a law or regulation); an event or action that is certain to occur, but not within a period of time that is reasonable under the circumstances (for example, remote availability of a fourth-preference family-based visa); or an event or action that may or may not affect the course of an alien's immigration proceedings (such as a collateral attack on a criminal conviction). We emphasize, however, that these are examples only; each situation must be evaluated under the totality of the circumstances of the particular case.

## C. Appeal of the DHS

The Immigration Judge in this case administratively closed proceedings over the DHS's objection. We find that the Immigration Judge had the authority to do so in the exercise of her independent judgment and discretion. The remaining question is whether the Immigration Judge properly exercised that authority in this case. We conclude that she did.

The record shows that the respondent is the beneficiary of a prima facie approvable visa petition filed by her now United States citizen spouse, who is the father of her United States citizen child. The DHS objected to administrative closure of the proceedings only because that visa petition had not yet been adjudicated. However, despite the numerous continuances granted by the Immigration Judge, and through no apparent fault of the respondent or her petitioner husband, the visa petition has been pending before the DHS for a significant and unexplained period of time. The DHS has not identified any obvious impediment to the approval of the visa petition or to the respondent's ability to successfully apply for adjustment of status once the visa petition is approved. Her adjustment of status would warrant termination of these proceedings. We therefore agree with the Immigration Judge that the circumstances in this case support the administrative closure of proceedings.[7]

## IV. CONCLUSION

We hold that the Immigration Judges and the Board may, in the exercise of independent judgment and discretion, administratively close proceedings under the appropriate circumstances, even if a party opposes. To the extent that *Matter of Gutierrez* and related cases hold, or may be construed to hold, otherwise, they are hereby overruled. We agree with the Immigration Judge that administrative closure is warranted in this case. Accordingly, the DHS's appeal will be dismissed and the record will be returned to the Immigration Judge.

**ORDER:** The appeal of the Department of Homeland Security is dismissed.

**FURTHER ORDER:** The record is returned to the Immigration Court without further action.

---

[7] Because we agree with the administrative closure of proceedings, we need not address the DHS's contention that the Immigration Judge erred in denying its request for a continuance.