FILED

**NOT FOR PUBLICATION**

JUN 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO BANUELOS-DELENA, | No. 10-72431 |
| Petitioner, | Agency No. A092-789-794 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[***]

In July 1998, the Immigration Naturalization Service initiated removal

proceedings against Ricardo Banuelos-Delena pursuant to the Immigration and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Nationality Act (INA), which authorizes the removal of any alien who is convicted of an "aggravated felony" at any time after admission. 8 U.S.C. § 1227(a)(2)(A)(iii). At an October 2004 hearing before an Immigration Judge (IJ), Banuelos-Delena admitted that he had been convicted of various sexual offenses against a minor. Specifically, he was convicted of statutory rape under California Penal Code sections 288a(b)(2) (oral copulation with another person who is under 16 years of age), 286(b)(2) (sodomy with another person who is under 16 years of age) and 261.5 (unlawful sexual intercourse with a person who is under 18 years of age). The INA defines the term "aggravated felony" to include the "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Thus, the IJ ruled that Banuelos-Delena was removable because he had been convicted of an "aggravated felony." After subsequent proceedings before the Board of Immigration Appeals (BIA), which are not relevant here, the IJ ordered Banuelos-Delena removed to Mexico. Banuelos-Delena then appealed the final order of removal to the BIA.

While the appeal was pending, Banuelos-Delena divorced his then-wife on December 11, 2006, and approximately two weeks later married Olga Felix, who is a United States citizen. The BIA affirmed the order of removal and dismissed the appeal. Soon after, Banuelos-Delena filed a motion to reopen his case before the BIA seeking adjustment of his status under the bona fide marriage exemption. *In re*

2

*Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002), *overruled on other grounds by Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012). In November 2007, the BIA denied the motion to reopen on the basis that Banuelos-Delena had provided insufficient evidence to establish the bona fides of his marriage. This petition for review followed. We review for abuse of discretion and will reverse the denial of a motion to reopen only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004) (internal quotation marks omitted).

Congress has set forth a non-exhaustive list of the types of evidence that serve as proof of a bona fide marriage, which include documents demonstrating "joint ownership of property," a "[l]ease showing joint tenancy of a common residence," "[d]ocumentation showing commingling of financial resources," "[a]ffidavits of third parties . . . contain[ing] complete information and details explaining how the person acquired his or her knowledge of the marriage," and "[a]ny other documentation which is relevant to establish that the marriage was not entered into in order to evade the immigration laws of the United States." 8 C.F.R. § 204.2(a)(1)(iii)(B). In this case, Banuelos-Delena simply submits the Forms I-130 and I-485, his marriage and divorce certificates, and the sworn statements that Olga and he made during his removal proceedings. None of the evidence submitted by Banuelos-Delena falls into

3

any of the categories suggested by 8 C.F.R. § 204.2(a)(1)(iii)(B). More significantly, Banuelos-Delena testified at the October 2004 removal proceeding that he intended to marry Olga, whom he had lived with for approximately three years. Banuelos-Delena did not, however, act on those intentions until *after* the BIA ordered his removal in March 2006. Accordingly, the BIA properly concluded that Banuelos-Delena provided insufficient evidence to establish the bona fide marriage exemption and we therefore deny his petition. *See Sharma v. Holder*, 633 F.3d 865, 872-74 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**