**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1074**

MILLER COREAS,

               Petitioner,

     v.

JEFFERSON B. SESSIONS III, Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 5, 2017               Decided:  January 3, 2018

Before TRAXLER, SHEDD, and AGEE, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Chad A. Readler, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Kristen Giuffreda Chapman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miller Coreas, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture. We have thoroughly reviewed the record, including the transcript of Coreas' merits hearing before the immigration court and all supporting evidence. We conclude that we are without jurisdiction to review the agency's finding that Coreas' asylum application is time-barred. *See* 8 U.S.C. § 1158(a)(3) (2012); *Mulyani v. Holder,* 771 F.3d 190, 196-97 (4th Cir. 2014). Accordingly, we dismiss in part the petition for review.

Concerning the Board's denial of withholding of removal and protection under the Convention Against Torture, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision, s*ee INS v. Elias–Zacarias,* 502 U.S. 478, 481 (1992). We further uphold the agency's determination that Coreas cannot demonstrate a violation of his due process rights as he fails to show the requisite prejudice. *See Anim v. Mukasey,* 535 F.3d 243, 256 (4th Cir. 2008). Finally, we conclude that the immigration judge did not abuse his discretion in denying Coreas' motion for administrative closure. *See In re Avetisyan,* 25 I. & N. Dec. 688 (B.I.A. 2012). We therefore deny the petition for review in part for the reasons stated by the Board. *See In re Coreas,* (B.I.A. Dec. 20, 2016).

2

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART;*
*DENIED IN PART*