**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINGO QUEBRADO-CANTOR, | No.   14-72458 |
| Petitioner, | Agency No. A200-885-573 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2018
Seattle, Washington

Before:  FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,** Senior District Judge.

Domingo Quebrado-Cantor, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals (BIA) decision affirming the denial of

his applications for asylum and withholding of removal and the denial of his

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

motion for administrative closure.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  Substantial evidence supports the BIA's conclusion that Quebrado-Cantor is ineligible for asylum because of his failure to meet the one-year filing deadline.  *See* 8 U.S.C. § 1158(a)(2)(B).  Quebrado-Cantor makes no substantive argument to explain what "extraordinary circumstances" justified the almost-three year delay between his eighteenth birthday and the filing of his application, and therefore has waived this issue.  *See Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).  He also does not show how the changed circumstance of increased violence between warring drug cartels "materially affect[s]" his eligibility for asylum.  *See* 8 C.F.R. § 208.4(a)(4)(i)(A).

2.  Substantial evidence supports the BIA's conclusion that Quebrado-Cantor failed to "demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds" if removed to Mexico.  *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (quoting *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010)).  Even assuming that Quebrado-Cantor suffered past harm on account of his membership in the particular social group of his family, the agency's factual finding that his similarly situated family members currently reside, unharmed, in Mexico is uncontroverted.  Therefore, he

2

has not shown that his "life or freedom would be threatened" on account of his membership in his family.  8 U.S.C. §1231(b)(3); 8 C.F.R. § 1208.16(b).[1]

3.  We reject Quebrado-Cantor's contentions as to the denial of his motion for administrative closure.  At the time of his removal proceedings, the immigration judge (IJ) was permitted to consider Quebrado-Cantor's likelihood of obtaining relief outside of removal proceedings.  *Matter of Avetisyan*, 25 I&N Dec. 688, 696 (BIA 2012).  The BIA's affirmance of the IJ's discretionary decision to deny administrative closure was not an abuse of discretion.

**PETITION DENIED.**

---

[1] For that reason, the incorrect application of the "one central reason" standard to the question of nexus is harmless error.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that the "a reason" standard for withholding of removal is "less demanding" than the "one central reason" test for asylum).