NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 20-71884<br>No. 22-283<br><br>Agency No. A041-347-386<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2023**
San Francisco, California

Before: BOGGS,*** S.R. THOMAS, and FORREST, Circuit Judges.

In these consolidated cases, Petitioner Jane Doe, a citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' (BIA) denial of her (1)

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      ***   The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

claim for relief under the Convention Against Torture (CAT), (2) request for administrative closure and termination of proceedings, and (3) motion to reopen.[1] We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petitions for review and remand for further proceedings.[2]

1. ***Administrative Closure.*** Before the agency, Doe moved for administrative closure or termination of her removal proceedings. The BIA expressly declined to consider administrative closure based on *Matter of Castro-Tum*, 27 I. & N. Dec. 271, 282–83 (A.G. 2018), which held that immigration judges and the BIA do not have the authority to administratively close proceedings except in limited circumstances. After the BIA issued its decision, the Attorney General overruled *Castro-Tum* and restored the agency's authority to administratively close proceedings. *See Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (A.G. 2021). Given this intervening decision, we grant the Government's motion to remand proceedings filed in that case, Case No. 20-71884 dkt. no. 56, so that the BIA may consider the propriety of administrative closure under the framework outlined in *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012). *See Umana-Escobar v.*

---

[1]On April 9, 2021, the court granted Petitioner's motion to proceed under the pseudonym "Jane Doe" and for the court to use feminine pronouns in referring to Petitioner. This disposition proceeds in conformity with that grant.

[2]We do not reach the merits of Doe's challenge to the BIA's denial of her CAT claim in Case No. 20-71884. If the agency enters a new order of removal in subsequent proceedings, the BIA's denial of CAT relief in Case No. 20-71884 will be reviewable in any future petition for review.

*Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (remanding administrative-closure issue to the BIA for further consideration in light of *Cruz-Valdez*).

2.    ***Motion to Reopen.*** In Case No. 22-283, Doe seeks review of the BIA's denial of her motion to reopen removal proceedings based on new information related to her gender identity and sexual orientation. We recently clarified that the proper standard to evaluate whether a petitioner has demonstrated prima facie eligibility for relief in the motion-to-reopen context is whether the petitioner has shown "a reasonable likelihood that [she] would prevail on the merits if the motion to reopen were granted." *See Fonseca-Fonseca v. Garland*, __ F.4th __, 2023 WL 5025268, at *2 (9th Cir. Aug. 8, 2023). We rejected that a petitioner in this context must demonstrate that her new evidence "would likely change the result in [her] case." *Id.* at *1–2. In analyzing Doe's motion to reopen, the BIA referenced both standards. "But these standards are not interchangeable" because "requiring petitioners to demonstrate that their new evidence would likely change the result of their case is a substantively higher bar than requiring petitioners to show a reasonable likelihood of eligibility for relief." *Id.* at *2. Accordingly, should the BIA decline to administratively close Doe's proceedings, the agency is directed on remand to re-evaluate Doe's motion to reopen under the proper "reasonable likelihood" standard. *See id.* at *6.

**PETITIONS GRANTED AND REMANDED FOR FURTHER**

3

**PROCEEDINGS.**[3]

---

[3]Doe's motions to stay removal, Case No. 20-71884 dkt. nos. 1, 5, & 18, are GRANTED.