NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAMALIEL GONZALEZ-BARRELLEZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-740

Agency No.
A205-925-284

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2023[**]
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Gamaliel Gonzalez-Barrelleza petitions for review of a Board of Immigration

Appeals ("BIA") dismissal of his appeal from an order by an immigration judge

("IJ") denying two motions: one for a continuance, and one to administratively close

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for submission without oral argument. *See* Fed. R. App. P. 34(a)(2).

his case. Gonzalez-Barrelleza made both motions in order to pursue a U visa. We deny Gonzalez-Barrelleza's petition for review.

We review decisions denying continuances and denying motions for administrative closure for abuse of discretion. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) ("The IJ's decision not to continue a hearing is reviewed for abuse of discretion."); *see Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891 n.3 (9th Cir. 2018). Where the BIA "relies in part on the immigration judge's reasoning," we review the decisions of both the IJ and the BIA. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).

1. The denial of Gonzalez-Barrelleza's motion for a continuance was not an abuse of discretion. When considering whether good cause exists for a continuance to pursue collateral relief such as a U visa, the IJ "must focus principally on two factors: (1) the likelihood that the [noncitizen] will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). The IJ should also consider the noncitizen's "reasonable diligence in pursuing that relief, DHS's position on the motion, the length of the requested continuance, and the procedural history of the case." *Id.* To determine if an IJ abused its discretion in denying a continuance, we look at "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct,

(3) the inconvenience to the court, and (4) the number of continuances previously granted." *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023) (quoting *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009)).

In denying a continuance, the IJ noted that removability was not contested, that the denial of a continuance in this case would not preclude Gonzalez-Barrelleza from seeking collateral relief, and that administrative efficiency weighed against granting a continuance at this stage of the proceedings given "the number of hearings already held, and the continuances granted previously." In upholding the IJ's decision, the BIA reasoned that Gonzalez-Barrelleza "did not establish good cause for a further continuance," citing to *Matter of L-A-B-R-*, 27 I. & N. Dec. at 415–16, and 8 C.F.R. § 1003.29. Because the IJ and the BIA considered the reasonableness of Gonzalez-Barrelleza's conduct, the inconvenience to the court, and the procedural history of the case, they did not abuse their discretion in denying the motion.

2. Nor was the denial of Gonzalez-Barrelleza's motion for administrative closure an abuse of discretion. Administrative closure is used to "temporarily remove[] a case from the active calendar or docket as a matter of administrative convenience." *Gonzalez-Caraveo*, 882 F.3d at 889 (citing *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1116 (9th Cir. 2009)). When considering requests for administrative closure, the agency considers a non-exhaustive list of factors, including "the basis for any opposition to administrative closure," "the anticipated

duration of the closure," and "the responsibility of either party, if any, in contributing to any current or anticipated delay." *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012).

Here, the IJ and the BIA considered "the anticipated length of time the proceedings would be administratively closed, the DHS opposition, and that the relief the respondent seeks is outside the jurisdiction of the Immigration Court." Because the decision to deny administrative closure relied on relevant factors, we cannot find an abuse of discretion.

**PETITION FOR REVIEW DENIED.**