**NOT FOR PUBLICATION**

**FILED**

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO AMADOR JIMENEZ; MARGARITA HERNANDEZ AMADOR,<br><br>              Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No. 22-1075<br><br>Agency Nos.<br>A075-750-239<br>A075-750-240<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

    Julio Amador Jimenez and Margarita Hernandez Amador, natives and

citizens of Mexico, petition for review of a decision of the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals (BIA) denying their third motion to reopen their immigration proceedings.[1] We dismiss the petition for review for lack of jurisdiction.

Petitioners sought *sua sponte* reopening before the BIA, and "[w]e may only exercise jurisdiction over BIA decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021) (citation and internal quotation marks omitted).

The BIA did not legally err when it denied Petitioners' third motion to reopen.[2] "Generally, [a noncitizen] may file one motion to reopen proceedings, and must file it within 90 days of the date of entry of a final administrative order of removal." *Ayanian v. Garland*, 64 F.4th 1074, 1080 (9th Cir. 2023) (citation and internal quotation marks omitted). The BIA correctly determined that Petitioners'

---

[1] After affirming the Immigration Judge's denial of cancellation of removal in 2005, the BIA denied motions to reopen in 2008 and 2011.

[2] Petitioners assert in a heading in their opening brief that the BIA "erred and abused its discretion" because the government did not oppose their motion to reopen. However, Petitioners have waived this issue because they "failed to present any argument or pertinent authority to support this contention." *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996) (citation omitted). In any event, the government did oppose the motion to reopen.

Petitioners have also waived any challenge to the BIA's rejection of their contention that they did not receive adequate notice of their hearing. *See United States v. Kirilyuk*, 29 F.4th 1128, 1136 (9th Cir. 2022) (explaining that "an appellant generally waives any argument not raised in the opening brief") (citation omitted).

third motion to reopen was untimely and number-barred, and did not otherwise err in holding that potential eligibility for adjustment of status was not an exceptional circumstance warranting *sua sponte* reopening. *See Cui*, 13 F.4th at 1001 (concluding that "where the ultimate grant of relief is discretionary, . . . the BIA may determine that the movant is not entitled to relief even though she meets the threshold requirements for eligibility") (citation and alteration omitted).[3] As a result, we lack jurisdiction over the petition for review because "the BIA did not rely on an incorrect legal premise in declining to sua sponte reopen [Petitioners'] case." *Id.* at 1001 (citation, alteration, and internal quotation marks omitted).

**PETITION FOR REVIEW DISMISSED.**

---

[3] Petitioners contend that the BIA erred because it did not consider *Matter of Avetisyan*, 25 I & N Dec. 688 (BIA 2012) or *Matter of Cruz-Valdez*, 28 I & N Dec. 326 (A.G. 2021). However, those decisions address the applicable rules for administrative closure, not the BIA's *sua sponte* authority to deny an untimely and number-barred motion to reopen that does not establish exceptional circumstances warranting reopening. *See Matter of Avetisyan*, 25 I & N Dec. at 697 ("hold[ing] that the Immigration Judges and the Board may, in the exercise of independent judgment and discretion, administratively close proceedings under the appropriate circumstances, even if a party opposes"); *Matter of Cruz-Valdez*, 28 I & N Dec. at 329 ("restor[ing] administrative closure" procedures established in *Avetisyan*).