NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYES MORALES RUIZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-527 <br><br> Agency No. A200-704-395 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024**

Before: OWENS, LEE, and DESAI, Circuit Judges.

Reyes Morales Ruiz ("Morales Ruiz"), a native and citizen of Mexico, petitions for review of a BIA decision affirming the denial of his application for cancellation of removal and voluntary departure. In 2001 and 2002, Border Patrol

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arrested Morales Ruiz eight times for attempting to enter the United States unlawfully, and he was repeatedly granted voluntary departure to Mexico. Morales Ruiz last entered the United States on an unknown date without admission or parole. In 2010, the Department of Homeland Security ("DHS") filed a Notice to Appear, charging Morales Ruiz as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Morales Ruiz admitted the factual allegations against him and conceded removability. He sought cancellation of removal for nonpermanent residents, and in the alternative, voluntary departure. The IJ continued the case for the parties to factually develop whether Morales Ruiz satisfies the ten-year residence requirement for cancellation of removal. Roughly two years later, DHS moved to administratively close proceedings, Morales Ruiz concurred, and the Immigration Judge ("IJ") granted DHS's motion.

Three years later, the Attorney General decided *Matter of Castro-Tum*, which concluded that immigration courts lacked the authority to administratively close cases and held that "[c]ases that have been administratively closed absent a specific authorizing regulatory provision or judicially approved settlement shall be recalendared upon motion of either party." 27 I. & N. Dec. 271, 274 (AG 2018). Based on this change in agency policy, DHS moved to recalendar Morales Ruiz's removal proceedings, and the IJ granted DHS's motion. After merits hearings, the IJ denied Morales Ruiz's application for cancellation of removal, finding he did not

establish that his removal would cause his U.S. citizen son exceptional and extremely unusual hardship, or that he was entitled to cancellation in the exercise of the IJ's discretion. Morales Ruiz appealed the denial of his application for cancellation of removal and voluntary departure to the BIA. And on July 15, 2021, while Morales Ruiz's appeal was pending, the Attorney General overruled *Matter of Castro-Tum* and restored the IJ and BIA's authority to administratively close cases. *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (AG 2021) (overruling *Castro-Tum*). Seven months later, the BIA affirmed the IJ's decision.

Morales Ruiz petitioned this court for review of the denial of his cancellation claim and the IJ's decision to recalendar his case, and the government moved to dismiss. The government argued that this court (1) lacks jurisdiction to review petitioner's cancellation claim and (2) is precluded from reviewing his challenge to the IJ's decision to recalendar his case because petitioner did not exhaust that challenge. This court granted the motion to dismiss as to the cancellation claim but denied it as to Moralez Ruiz's challenge to the IJ's decision to recalendar his case, reasoning it would have been futile for Moralez Ruiz to challenge the recalendaring of his case given the agency's position on administrative closure at the time. Moralez Ruiz now challenges the IJ's decision to recalendar his case and argues he was not required to exhaust this argument.

We review the agency's "legal conclusions de novo and its factual findings

for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

1.  Morales Ruiz was not required to exhaust his claim about the recalendaring of his case. This court recognizes an exception to the exhaustion requirement where a noncitizen raises a "legal issue[ ] based on events that occur *after* briefing to the BIA has been completed." *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004). Here, Morales Ruiz submitted his brief to the BIA two months *before* the Attorney General vacated a decision that stripped IJs and the BIA of authority to administratively close cases, *see Matter of Castro-Tum*, 27 I. & N. Dec. at 272, and restored the agency's prior guidelines for adjudicating such requests, *see Matter of Cruz-Valdez*, 28 I. & N. Dec. at 329. Morales Ruiz thus seeks a remedy based on a change in agency policy that he could not have briefed before the BIA. *Alcaraz*, 384 F.3d at 1158. Accordingly, he was not statutorily required to exhaust his claim. *Id.*

2.  Ordinarily, where both the IJ and BIA did not review a petitioner's administrative closure request, remand would be the appropriate remedy. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018). But remand is not required where petitioners "do not make any argument that their case should be eligible for administrative closure based on the *Avetisyan* factors," and "no longer have any remaining claims for relief or pending petitions that might affect their

immigration proceedings." *Id.* at 893–94 (declining to remand where the IJ and BIA erred by not reviewing a request for administrative closure because petitioner no longer had any clams for relief or pending petitions that might affect his immigration proceedings); *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012) (listing administrative closure factors).

Here, Morales Ruiz does not argue that he is entitled to administrative closure under the *Avetisyan* factors or that he has remaining claims for relief besides his claim about the IJ recalendaring his case. And he has no other pending petitions or cases. Thus, although Morales Ruiz was not required to exhaust his argument, we decline to exercise our discretion to remand because there is no evidence to show that Morales Ruiz is eligible for any form of relief. *Gonzalez-Caraveo*, 882 F.3d at 893.

The petition is **DENIED.**