**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

OCT 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAVDEEP SINGH BHANGU,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-4224<br><br>Agency No.<br>A205-914-406<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2024**
Las Vegas, Nevada

Before: CHRISTEN, BENNETT, and MILLER, Circuit Judges.

Navdeep Singh Bhangu, a native and citizen of India, petitions for review of

a decision of the Board of Immigration Appeals dismissing his appeal from an

order of removal and denying his motion for administrative closure of removal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 8 U.S.C. § 1252. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 892–93 (9th Cir. 2018). We review for abuse of discretion. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022). We deny the petition.

Bhangu does not seek review of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. He challenges only the denial of administrative closure, which he sought to allow time for United States Citizenship and Immigration Services (USCIS) to adjudicate his citizen spouse's I-130 petition.

"Administrative closure is a procedure by which an [immigration judge] or the [Board] temporarily removes a case from the active calendar or docket." *Gonzalez-Caraveo*, 882 F.3d at 889. In *Matter of Avetisyan*, the Board listed six non-exhaustive factors to evaluate when considering administrative closure:

> (1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

25 I. & N. Dec. 688, 696 (B.I.A. 2012).

Bhangu contends that the Board erred in discussing only one of the six

factors enumerated in *Avetisyan*—the length of time the closure would last—and that it inappropriately blamed him for the processing delay of his I-130 marriage petition. But Bhangu identifies no authority for the proposition that *Avetisyan* requires the Board to give specific weight to all the enumerated factors. Nor is it necessary that the Board expressly address those factors that are not relevant to its decision in a particular case. *See Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) ("The agency need not engage in a lengthy discussion of every contention" but need only "'consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" (quoting *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010))).

The Board provided a reasoned explanation for its denial of Bhangu's motion: that he "face[d] an 'obvious impediment' to being granted relief from removal." (quoting *Avetisyan*, 25 I. & N. Dec. at 697). The Board elaborated that the I-130 petition "has yet to be approved and it is unclear how long it would take for the visa petition to be adjudicated by the USCIS." *See Avetisyan*, 25 I. & N. Dec. at 696. It was within the Board's discretion to determine that the granting of Bhangu's marriage petition was "not within a period of time that is reasonable under the circumstances," and we decline to reweigh this factor in Bhangu's favor. *Id.*

**PETITION DENIED.**