NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL AMARO-SALTILLO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-29 Agency No. A205-274-390 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025[**]
Seattle, Washington

Before: RAWLINSON, BRESS, and BUMATAY, Circuit Judges.

Victor Manuel Amaro-Saltillo, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals (BIA) decision dismissing his appeal

from an Immigration Judge (IJ) order denying cancellation of removal. Amaro-

Saltillo also challenges the BIA's denial of his request for administrative closure of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA did not abuse its discretion in denying administrative closure. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022) (standard of review). "Administrative closure is a procedural tool created for the convenience of the Immigration Courts and the Board," by which the IJ or BIA temporarily removes a case from its active docket. *Matter of Avetisyan*, 25 I. & N. Dec. 688, 690 (BIA 2012); *see also Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889–90 (9th Cir. 2018). Administrative closure is appropriate "when the parties are 'await[ing] an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time.'" *Gonzalez-Caraveo*, 882 F.3d at 889 (quoting *Matter of Avetisyan*, 25 I. & N. Dec. at 692).

In this case, Amaro-Saltillo failed to point to any action or event or any other circumstance that would have provided a proper basis for administrative closure under the *Matter of Avetisyan* factors. *See Marquez-Reyes*, 36 F.4th at 1209. Rather, Amaro-Saltillo argues that administrative closure was warranted for "humanitarian" reasons, which largely restate the merits of his application for cancellation of removal. The BIA did not abuse its discretion in concluding that this was an insufficient basis for administrative closure.

2.    Amaro-Saltillo next challenges the agency's denial of cancellation of removal. Under 8 U.S.C. § 1229b(b), the Attorney General "may cancel removal," and adjust to the status of lawful permanent resident, aliens who are otherwise removable but who satisfy four statutory eligibility criteria. As relevant here, 8 U.S.C. § 1229b(b)(1)(D) requires the alien to show "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen" or a lawful permanent resident. Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To show the required hardship, Amaro-Saltillo must demonstrate hardship that is "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *8 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)); *see also Wilkinson*, 601 U.S. at 222. We review the agency's hardship determination for substantial evidence. *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *5. "Under this standard, we must uphold the agency determination

unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

In this case, the record does not compel the conclusion that Amaro-Saltillo's son, A.A.M., would experience exceptional and extremely unusual hardship if Amaro-Saltillo is removed to Mexico. The BIA acknowledged that there would be some financial hardship to A.A.M.'s mother if Amaro-Saltillo stopped contributing to the child's care, but it noted that A.A.M.'s mother largely supported A.A.M. The BIA also noted that while Amaro-Saltillo's health insurance covered some of A.A.M.'s health expenses, most of those expenses were covered by his mother's employer-provided health insurance, and A.A.M. would not lose medical insurance if Amaro-Saltillo is removed to Mexico. The agency could reasonably conclude that A.A.M.'s mother would be able to provide for A.A.M. on her own and that the financial effects of Amaro-Saltillo's removal would not amount to an exceptional and extremely unusual hardship.

The BIA also gave due consideration to the emotional effects on A.A.M. But the BIA noted that Amaro-Saltillo and A.A.M. were already well-versed in communicating by phone and video, which could still continue. The BIA also pointed to the fact that A.A.M.'s mother stated her intent to travel to Mexico annually with A.A.M. In these circumstances, the record does not compel the conclusion that A.A.M. would suffer exceptional and extremely unusual hardship if

4                                                                                          23-29

Amaro-Saltillo were removed. 8 U.S.C. § 1229b(b)(1)(D); *see also Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *9 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

**PETITION DENIED.**