NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO JESUS TORRES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-4774

Agency No.
A206-637-243

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2026[**]

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge FRIEDLAND.

Antonio Jesus Torres, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and denying his motions for administrative closure and for termination of removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review for abuse of discretion the agency's denial of administrative closure or termination. *Marquez-Reyes v. Garland*, 36 F.4th 1195, 1209 (9th Cir. 2022); *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Torres did not establish that the government of El Salvador was or is unable or unwilling to control the agents of any past or feared persecution. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel finding that government was unwilling or unable to control the feared harm). Thus, Torres' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Torres failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Torres' contention that the BIA erred in stating the standard of review.

In light of this disposition, we need not reach Torres' remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538

25-4774

(9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The BIA did not abuse its discretion in denying Torres' motions for administrative closure and termination. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891-93 (non-exhaustive list of factors in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012)); 8 C.F.R. § 1003.1(m)(ii) (listing considerations for discretionary termination).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**


*Torres v. Bondi*, No. 25-4774

FRIEDLAND, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that substantial evidence supports the agency's denial of Torres' asylum, withholding of removal, and CAT claims. I dissent, however, because in denying Torres' motions for administrative closure and for termination, the BIA relied on standards governing motions to reopen, and on this record, we cannot conclude that error was necessarily harmless. I would therefore remand for the BIA to reconsider Torres' motions under the correct legal standards.