**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAAC GARCIA-RUIZ, AKA Aruiz Isaal Garcia, AKA Isaac Garcia Ruiz, Pedro Martines Romires,<br><br>  Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No.   16-72484<br><br>Agency No. A095-809-013<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Isaac Garcia-Ruiz, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing Garcia-Ruiz's appeal

from an immigration judge's ("IJ") decision denying Garcia-Ruiz's applications

for cancellation of removal, asylum, withholding of removal and relief under the

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

Garcia-Ruiz's asylum claim fails because he filed his asylum application outside the one-year deadline, and the record does not compel the conclusion that he established changed or extraordinary circumstances to excuse the untimely filing.  8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(4)-(5).

The BIA did not err in finding that Garcia-Ruiz did not establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (returnees with perceived wealth is not a cognizable social group).  Thus, Garcia-Ruiz's withholding of removal claim fails.

Garcia-Ruiz's challenge to the IJ's failure to sua sponte administratively close his case also fails. Even assuming that the standard in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), applies[1], the record before the IJ did not support administrative closure. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891 (9th Cir. 2018) (assessing whether administrative closure is appropriate with reference to the non-exhaustive list of six factors articulated in *Avetisyan*); *Avetisyan*, 25 I. & N. Dec. at 696 (cautioning that administrative closure is not appropriate "if the request is based on a purely speculative event or action").

Garcia-Ruiz waived any challenge to the agency's denial of his cancellation of removal claim or his CAT claim by omitting them from his opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**

---

[1] In May 2018, the Attorney General issued an opinion overruling *Avetisyan* and clarifying that "immigration judges and the Board may only administratively close a case where a previous regulation or a previous judicially approved settlement expressly authorizes such an action." *Matter of Castro-Tum*, 27 I. & N. Dec. 271, 271 (Att'y Gen. 2018).