NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR ARMANDO ESCOTO-DERAS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 14-73872 Agency No. A078-968-977 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 08, 2020[**]

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Hector Armando Escoto-Deras, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We also review de novo whether a petitioner has been afforded due process. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We review for substantial evidence the agency's factual findings. We deny the petition for review.

Even assuming the credibility of Escoto-Deras's testimony, substantial evidence supports the agency's conclusion that Escoto-Deras failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, Escoto-Deras' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Escoto-Deras failed to show it is more likely than not he will be tortured

by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Escoto-Deras' challenge to the IJ's failure to administratively close his case also fails. Even assuming that the standard in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012) applies,[1] the record before the IJ did not support administrative closure. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891 (9th Cir. 2018) (assessing whether administrative closure is appropriate with reference to the non-exhaustive list of six factors articulated in *Avetisyan*); *Avetisyan*, 25 I. & N. Dec. at 696 (cautioning that administrative closure is not appropriate "if the request is based on a purely speculative event or action").

Finally, we are not persuaded by Escoto-Deras's contention that the agency violated his due process rights. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**

---

[1] In May 2018, the Attorney General issued an opinion overruling *Avetisyan* and clarifying that "immigration judges and the Board may only administratively close a case where a previous regulation or a previous judicially approved settlement expressly authorizes such an action." *Matter of Castro-Tum*, 27 I. & N. Dec. 271, 271 (Att'y Gen. 2018).