**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALFREDO JIMENEZ GARCIA,

Petitioner,

v.

JEFFREY A. ROSEN, Acting Attorney
General,

Respondent.

No. 18-72455

Agency No. A093-417-695

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2020
Seattle, Washington

Before: BERZON and MILLER, Circuit Judges, and GLEASON,** District Judge.

Petitioner Alfredo Jimenez Garcia petitions for review of the Board of

Immigration Appeals ("BIA")'s dismissal of his appeal from the immigration judge

("IJ")'s denial of administrative closure. The BIA dismissed his appeal as moot in

light of the Attorney General's intervening decision in *Matter of Castro-Tum*, which

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

held that neither the BIA nor IJs have general authority to administratively close proceedings. 27 I. & N. Dec. 271, 274, 293 (A.G. 2018). Petitioner contends that *Castro-Tum* violates due process and is void as a matter of law; he maintains that in assigning to himself and deciding *Castro-Tum*, former Attorney General Sessions was improperly motivated by his personal bias against undocumented aliens.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review de novo the BIA's determination of purely legal questions and claims of due process violations in immigration proceedings." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). "A neutral judge is one of the most basic due process protections." *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1049 (9th Cir. 2001)). However, "[a]s a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him." *Id.*

---

[1] In his reply brief, petitioner argues that this Court should adopt the Fourth Circuit's reasoning in *Romero v. Barr*, which issued after he filed his opening brief and held that federal regulations unambiguously confer upon IJs and the BIA the general authority to administratively close cases. 937 F.3d 282, 297 (4th Cir. 2019). We decline to consider in this case whether *Castro-Tum* is substantively correct. Petitioner did not raise this question in his opening brief. "It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (alteration omitted) (quoting *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

at 1007 (quoting *Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 875 (9th Cir. 2003)). Petitioner must present "plausible scenarios in which the outcome of the proceedings would have been different, absent the constitutional violation." *Walters v. Reno*, 145 F.3d 1032, 1044 (9th Cir. 1998).

Assuming, without deciding, that petitioner has suffered a due process violation, we hold that he has failed to establish prejudice. In denying the motion for administrative closure, the IJ concluded that petitioner did not meet the required criteria set forth in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (B.I.A. 2012). Petitioner does not address the IJ's conclusion or argue that his case was eligible for administrative closure under the then-governing standard. Accordingly, he has not demonstrated prejudice by showing how the outcome of his agency proceedings could have been affected by the alleged due process violation or presented plausible scenarios in which the outcome would have been different. *See Gonzalez-Caraveo*, 882 F.3d at 894. Because petitioner does not show prejudice, his procedural due process claim fails.

**PETITION DENIED**.