UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISMAEL CAZARES COBIAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    14-70701

Agency No. A077-369-673

ORDER

Before:  GOULD, BEA, and FRIEDLAND, Circuit Judges.

The petition for panel rehearing is **GRANTED**.  The Memorandum

Disposition filed on September 16, 2019, is **WITHDRAWN** and replaced with a

superseding Memorandum Disposition filed concurrently with this order.  With

this superseding disposition, the petition for rehearing en banc is **DENIED** as

moot.  Future petitions for rehearing will be permitted under the deadlines outlined

in Federal Rules of Appellate Procedure 35(c) and 40(a)(1).

**IT IS SO ORDERED.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL CAZARES COBIAN,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   14-70701<br><br>Agency No. A077-369-673<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2019**
Submission Withdrawn November 18, 2019
Resubmitted September 16, 2021
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Petitioner Ismael Cazares Cobian appeals the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order of

removal. We have jurisdiction under 8 U.S.C. § 1252(a). We grant his motion to

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remand to the BIA for consideration of cancellation of removal. We dismiss for lack of jurisdiction his motion to remand to the BIA for consideration of administrative closure. And, reviewing de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir. 2005), we deny his petition for review.

Cazares Cobian is a Mexican citizen who became a legal permanent resident of the United States ("LPR") on November 1, 2002. On August 7, 2008, when Cazares Cobian was trying to cross from Mexico to the United States in his car, authorities asked him to go to secondary inspection. There, upon questioning, Cazares Cobian admitted to attempting to smuggle a passenger in his car into the United States without proper documents. He contends that, during his questioning, the immigration officer did not advise him of his rights under 8 C.F.R. § 287.3(c).

On August 8, 2008, or five years and nine months after Cazares Cobian became an LPR, the government served him with a Notice to Appear ("NTA") that omitted the time, date, and place of his removal hearing. While Cazares Cobian's immigration proceedings were pending from 2012 to 2014, BIA caselaw stipulated that service of an NTA which omits the time, date, and location of a noncitizen's removal hearing triggered the stop-time rule that pauses continuous residency in the United States for purposes of cancellation of removal. *Matter of Camarillo*, 25 I. & N. Dec. 644, 651 (BIA 2011). Under this law, Cazares Cobian had not yet accrued the seven years of continuous residency required for cancellation of

2

removal, so he did not seek such relief from the IJ or BIA.

Cazares Cobian requests remand to the BIA for consideration of cancellation of removal. Although he did not seek such relief from the IJ or BIA, administrative and prudential exhaustion are not required for this issue because cancellation of removal was so entirely foreclosed to Cazares Cobian during his immigration proceedings that resort to the agency would have been futile. *See id.*; *Alvarado v. Holder*, 759 F.3d 1121, 1128–30 (9th Cir. 2014); *Sun v. Ashcroft*, 370 F.3d 932, 942–43 (9th Cir. 2004). And cancellation of removal law has changed— an NTA must contain the time, date, and place of a noncitizen's removal hearing to trigger the stop-time rule. *Niz-Chavez v. Garland*, --- U.S. ---, 141 S. Ct. 1474, 1479–82 (2021); *Pereira v. Sessions*, --- U.S. ---, 138 S. Ct. 2105, 2109 (2018); *Lopez v. Garland*, 998 F.3d 851, 852 (9th Cir. 2021) (en banc). As such, we grant Cazares Cobian's motion for remand with regard to cancellation of removal.

Also, Cazares Cobian requests remand to the BIA for consideration of administrative closure. But he did not seek such relief from the IJ or BIA, even though it was available during his immigration proceedings. *See Garcia-DeLeon v. Garland*, 999 F.3d 986, 989 (6th Cir. 2021) (describing the availability of administrative closure for at least three decades until 2018); *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA 2012), *overruled by Matter of Castro-Tum*, 27 I. & N. Dec. 271, 272 (A.G. 2018), *overruled by Matter of Cruz-Valdez*, 28 I. & N.

Dec. 326 (A.G. 2021). For this reason, Cazares Cobian did not exhaust his administrative closure claim and we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, Cazares Cobian petitions for review of the BIA's decision, arguing that the statements he made during questioning at secondary inspection should have been suppressed because he was not advised of his rights. Cazares Cobian's statements during his questioning at secondary inspection were admissible in his immigration proceedings. Because Cazares Cobian had not yet been placed in formal immigration proceedings, the immigration officials were not required under 8 C.F.R. § 287.3(c) to inform him of his right to counsel. *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir. 2009).

The admission of Cazares Cobian's statements did not violate his Fifth Amendment right against self-incrimination. Noncitizens are entitled to the same protections against self-incrimination as citizens. *United States v. Balsys*, 524 U.S. 666, 671 (1998). However, an official's failure to give a *Miranda*-style warning does not preclude the use of statements obtained during a custodial interrogation in a removal proceeding. *See United States v. Solano-Godines*, 120 F.3d 957, 960 (9th Cir. 1997).

**MOTION TO REMAND WITH REGARD TO CANCELLATION OF REMOVAL GRANTED. MOTION TO REMAND WITH REGARD TO**

4

**ADMINISTRATIVE CLOSURE DISMISSED.  PETITION DISMISSED IN PART AND DENIED IN PART.**