NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GIOVANI ANTONIO NAJERA MORENO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 14-70445

Agency No. A057-630-777

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2019
Submission Withdrawn September 16, 2019
Resubmitted August 2, 2021
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Giovani Antonio Najera Moreno, a native and citizen of Mexico who holds

Legal Permanent Resident status, petitions for review of the Board of Immigration

Appeals (BIA) final removal order denying his request for cancellation of removal

and his motions to suppress evidence and terminate his immigration proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, dismiss in part, and remand in part.

1.      Najera Moreno asks us to revive his application for cancellation of removal. The Immigration Judge (IJ) denied him such relief on the ground that Najera Moreno had not yet accrued the necessary seven years of continuous physical presence in the United States, limited by the stop-time event of his receipt of a Notice to Appear, and the BIA affirmed without comment. *See Alaelua v. I.N.S.*, 45 F.3d 1379, 1382 (9th Cir. 1995) (holding that, if the BIA incorporates the IJ's opinion into its decision, we treat the IJ's reasons as the BIA's and review the IJ's decision). The law governing stop-time events changed after the briefing deadline in Najera Moreno's BIA appeal had passed, so we grant the petition in this respect and remand his application for cancellation of removal to the BIA for its reconsideration in light of the relevant intervening decisions. *See Alcaraz v. I.N.S.*, 384 F.3d 1150, 1158–60 (9th Cir. 2004); *Niz-Chavez v. Garland*, --- U.S. ---, 141 S. Ct. 1474, 1479–82 (2021).

2.      Najera Moreno also seeks remand to the BIA for consideration of his request for administrative closure. But he did not pursue such relief before the BIA, even though it was available then. *See Garcia-DeLeon v. Garland*, 999 F.3d 986, 989 (6th Cir. 2021) (describing the availability of administrative closure for at least three decades until 2018); *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA

2012), *overruled by Matter of Castro-Tum*, 27 I. & N. Dec. 271, 272 (A.G. 2018), *overruled by Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 326 (A.G. 2021). Contrary to Najera Moreno's assertions, the OPPM 13-01 memorandum issued by the Office of the Chief Immigration Judge did not change this legal regime. Because we lack "jurisdiction to review legal claims not presented in [a petitioner's] administrative proceedings before the BIA," we dismiss for lack of jurisdiction Moreno's petition for review of the administrative closure issue. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

3.      Najera Moreno asks us to remand his case on the ground that immigration authorities did not properly advise him of his rights under 8 C.F.R. § 287.3(c) before questioning him after he re-entered the United States.  But Najera Moreno was not entitled to the notifications listed in this regulation because he had not yet been placed in formal immigration proceedings at the time of the questioning at issue.  *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 898–99, 901–02 (9th Cir. 2009).  As such, we deny Najera Moreno's petition for review on this issue.  *See id*.

4.      Najera Moreno contends that his statements to immigration authorities were obtained in violation of the Fifth Amendment.  *See Miranda v. Arizona*, 384 U.S. 436, 471 (1966).  This argument is unavailing.  Noncitizens are entitled to protection against self-incrimination, *United States v. Balsys*, 524 U.S. 666, 671

(1998), but the remedy set out by *Miranda* applies only in criminal cases, *United States v. Solano-Godines*, 120 F.3d 957, 960 (9th Cir. 1997).

**DENIED in part, DISMISSED in part, and GRANTED in part and REMANDED.**