NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAULIO SARABIA-PEREZ, | No. 17-71189 |
| Petitioner, | Agency No. A201-240-981 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Braulio Sarabia-Perez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"), and denying

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his request for administrative closure. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that Sarabia-Perez applied for asylum within a reasonable time of any changed or extraordinary circumstances as to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(2), (4)-(5); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Thus, Sarabia-Perez's asylum claim fails.

Substantial evidence supports the determination that Sarabia-Perez failed to establish he suffered harm that rises to the level of persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution). Substantial evidence also supports the determination that Sarabia-Perez failed to establish he would be persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground). We do not consider Sarabia-Perez's social group claim based on reporting a crime, because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir.

2011) (review limited to the grounds relied on by the BIA), and Sarabia-Perez does not contend the BIA erred in finding that this social group claim was not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).  Thus, Sarabia-Perez's withholding of removal claim fails.

Substantial evidence supports the BIA's denial of CAT relief because Sarabia-Perez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

There was no abuse of discretion in the denial of administrative closure.  *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891-93 (9th Cir. 2018) (holding the non-exhaustive list of factors in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), provides a standard for reviewing administrative closure decisions).

We do not consider the materials Sarabia-Perez references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**