**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LETICIA DIAZ-JIMENEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71012

Agency No. A202-014-594

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Leticia Diaz-Jimenez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to remand

and dismissing her appeal from an immigration judge's ("IJ") decision denying

administrative closure.  We review for abuse of discretion the BIA's denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The IJ and BIA did not abuse their discretion in denying administrative closure. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891-93 (9th Cir. 2018) (holding the non-exhaustive list of factors in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), provides a standard for reviewing administrative closure decisions). We reject as unsupported by the record Diaz-Jimenez's contentions that the IJ failed to consider the proper factors or sufficiently explain his decision and that the BIA engaged in improper fact-finding.

The BIA did not abuse its discretion in denying Diaz-Jimenez's motion to remand where she failed to establish prima facie eligibility for post-conclusion voluntary departure. *See* 8 C.F.R. § 1240.26(c)(1); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same."), *overruled on other grounds by Cheneau v. Garland*, 997 F.3d 916, 925-26 (9th Cir. 2021).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**