**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MARCELO NAAL-ITZA, | No. 17-70249 |
| Petitioner, | Agency No. A200-150-938 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Victor Marcelo Naal-Itza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, and administrative closure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The BIA did not err in its determination that Naal-Itza waived challenge to the IJ's dispositive conclusion that his asylum application was untimely. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). We lack jurisdiction to consider Naal-Itza's contentions that he met an exception to the one-year filing deadline because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, we deny the petition for review as to Naal-Itza's asylum claim.

Substantial evidence supports the agency's determination that Naal-Itza failed to demonstrate that the harm he fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject as unsupported Naal-Itza's contentions that the agency ignored arguments or otherwise erred in its analysis of his claims. Thus, Naal-Itza's withholding of

17-70249

removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Naal-Itza failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

We lack jurisdiction to review the agency's discretionary determination that Naal-Itza failed to show exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735-36 (9th Cir. 2012) (court lacks jurisdiction to review merits of hardship determination and only retains jurisdiction over legal or constitutional claims that have "some possible validity" (citation and internal quotation marks omitted)). Naal-Itza has not raised a colorable legal or constitutional claim that would invoke our jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

There was no abuse of discretion in the denial of administrative closure. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891-93 (9th Cir. 2018) (non-exhaustive list of factors for reviewing administrative closure decisions under

3                                                                                          17-70249

*Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012)).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**