NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL MEDINA HERRERA, AKA Mariano Lupercio Madrigal,<br><br>                    Petitioner,<br><br>          v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.     16-70975<br><br>Agency No. A079-748-583<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022[**]
Seattle, Washington

Before:  HAWKINS and FORREST, Circuit Judges, and RESTANI,[***] Judge.

Petitioner Raul Medina Herrera seeks review of the Board of Immigration

Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioner also seeks review of the BIA's decision denying his request for administrative closure. We have jurisdiction under 8 U.S.C. § 1252.[1] We grant in part and deny in part the petition.

We review questions of law de novo and factual findings for substantial evidence. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review denials of administrative closure for abuse of discretion. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891–93 (9th Cir. 2018).

**1.** *Administrative Closure.* The BIA did not abuse its discretion in denying Petitioner's request for administrative closure. *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012) (setting forth six factors for the IJ or BIA to consider). Because the Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA) program has been suspended, Petitioner's likelihood of success on an alternative form of relief is speculative at best.

**2.** *Cancellation of Removal.* The BIA erred in concluding that Petitioner was statutorily ineligible for cancellation of removal. Although Petitioner received a

---

[1]The government argues that we lack jurisdiction to review denials of administrative closure. However, because the BIA has set forth a "'sufficiently meaningful standard' by which to evaluate the IJ or BIA's decision," we "ha[ve] jurisdiction to review administrative closure decisions." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018); *see Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012).

Notice to Appear (NTA) in 2010, which ordinarily would trigger the "stop-time rule" and prevent him from continuing to accrue time towards establishing continuous physical presence, *see* 8 U.S.C. § 1229b(d)(1), his NTA did not include the time or date of his hearing. Accordingly, it did not trigger the "stop-time" rule. *See Pereira v. Sessions*, 138 S. Ct. 2105, 2113–14 (2018); *see also Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479 (2021). Thus, even if Petitioner's period of continuous physical presence started over when he re-entered the United States in 2003,[2] Petitioner "had been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of" his May 2014 application for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A).

3. ***Asylum.*** The BIA did not err in denying Petitioner's application for asylum. Because Petitioner applied for asylum more than one year after his last arrival in the United States, he needed to demonstrate that changed or extraordinary circumstances provided an exception to the one-year filing deadline. *See* 8 C.F.R. § 1208.4(a)(2), (4)–(5). However, because he testified that he began to fear returning to Mexico "about five years ago" and that he learned about the possibility of filing for asylum one to two years before the hearing, substantial evidence supports the BIA's decision

---

[2]Because the government was "willing . . . to dispense" with Petitioner's 2004 voluntary return form, the BIA only considered his voluntary return in 2003. This court does likewise, although Petitioner could establish the requisite ten years of continuous physical presence regardless of which date is considered.

that Petitioner failed to demonstrate that his delay in filing was for a "reasonable period" of time. *Id.* § 1208.4(a)(4)–(5).

4. ***Withholding of Removal.*** The BIA did not err in rejecting Petitioner's application for withholding of removal. Petitioner failed to demonstrate that "Mexican Returnees from the United States" is a protected social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Additionally, even if Petitioner could establish that he was part of a protected group, substantial evidence supports the BIA's finding that he failed to demonstrate a "[c]lear probability" of future persecution "on account of" his membership in that group. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (internal quotation marks and citation omitted).

5. ***CAT Relief.*** Finally, the BIA did not err in rejecting Petitioner's application for CAT relief. Although Petitioner provided evidence of dangerous conditions in Michoacán and other Mexican border towns, Petitioner was granted voluntary departure and was not required to relocate to those areas. Additionally, Petitioner testified that at least two municipalities within Mexico are free from the criminal activity that he fears. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) ("In deciding whether the applicant has satisfied his or her burden, the [BIA] must consider . . . the possibility of relocation within the country of removal."). Petitioner

4

also testified to having six siblings and about thirty cousins in Michoacán who had not been subjected to harm. Petitioner's argument that the BIA failed to consider all the relevant evidence of conditions in Mexico lacks merit. Thus, we conclude that substantial evidence supports the BIA's finding that Petitioner failed to establish that it is "more likely than not" he will face torture upon return to Mexico. 8 C.F.R. § 1208.16(c)(4).

**GRANTED in part; DENIED in part; REMANDED.**