NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS RAMOS CUENCA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,[*]<br><br>Respondent. | No. 24-2483<br><br>Agency No.<br>A201-439-536<br><br>MEMORANDUM[**] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Jose Luis Ramos-Cuenca (Ramos-Cuenca) is a native and citizen of Mexico.

He petitions for review of a Board of Immigration Appeals (BIA) decision

dismissing his appeal from the denial by an Immigration Judge (IJ) of his

application for asylum, withholding of removal, and relief under the Convention

___

[*]      Pamela Bondi is substituted as United States Attorney General
pursuant to Federal Rule of Appellate Procedure 43(c).

[**]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Against Torture (CAT).  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"We review questions of law de novo.  We review factual findings under the substantial evidence standard. . . ."  *Singh v. Garland*, 97 F.4th 597, 602 (9th Cir. 2024) (citations omitted).  We review the denial of a motion for administrative closure for abuse of discretion.  *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022).

**1.**  Ramos-Cuenca has forfeited any challenge to the BIA's denial of withholding of removal by failing to address in his Opening Brief the grounds on which the BIA relied in denying withholding of removal.  *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (stating that "[i]n reviewing the BIA's decisions, we consider only the grounds relied upon by that agency"); *see also Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022), *as amended* (concluding that an issue that was mentioned but not "coherently develop[ed]" in the opening brief was forfeited) (citation omitted).  The BIA denied withholding of removal only on the basis that Ramos-Cuenca did not establish a clear probability of future persecution.[1]  In his Opening Brief, Ramos-Cuenca addressed only the cognizability of his proposed particular social group.  Thus, we deny the petition as

---

[1] The BIA declined to "address the other reasons provided by the Immigration Judge" for denying withholding of removal.

to this issue.

**2.** Ramos-Cuenca's contention that the BIA erred by rejecting his proposed particular social group is also the basis for his challenge to the BIA's denial of his asylum claim. But the BIA denied Ramos-Cuenca's claim for asylum because his application was untimely, a basis that Ramos-Cuenca does not meaningfully address in his Opening Brief. Therefore, we deny the petition as to this issue as well.

**3.** Ramos-Cuenca has forfeited any challenge to the BIA's denial of CAT relief by failing to meaningfully raise that issue in his Opening Brief. *See Gutierrez v. Garland*, 106 F.4th 866, 879–80 (9th Cir. 2024).

**4.** Ramos-Cuenca contends that the BIA abused its discretion in denying his request for administrative closure because he is not an enforcement priority for the Department of Homeland Security. The BIA considered relevant factors under *Matter of Avetisyan*, 25 I. & N. Dec. 688 (B.I.A. 2012), and concluded that administrative closure was not appropriate. Ramos-Cuenca argues that the BIA has authority to administratively close removal proceedings, but he does not explain why the BIA abused its discretion by declining to do so here.

**5.** Ramos-Cuenca's argument that this case should be remanded to the IJ so that he can pursue cancellation of removal is unexhausted because it was not presented before the IJ or the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544,

550 (9th Cir. 2023). "The exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (citation and internal quotation marks omitted). "A claim-processing rule is mandatory in the sense that a court must enforce the rule if a party properly raises it." *Id.* (citation, alterations, and internal quotation marks omitted). The government raised Ramos-Cuenca's failure to exhaust this argument in its Answering Brief, thus we deny Ramos Cuenca's request for remand. *See id.*

**PETITION DENIED.**[2]

---

[2] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.