23-7737
Barzallo-Andrade v. Blanche

BIA
Norkin, IJ
A220 360 586/585/587

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-six.

PRESENT:
>   JOHN M. WALKER, JR.,
>   RICHARD J. SULLIVAN,
>   EUNICE C. LEE,
>       *Circuit Judges.*

_____

DANIEL BOLIVAR BARZALLO-ANDRADE,
OLGA MARISELA PERALTA-MALLA, E.S.B.,
        *Petitioners*,

        v.                                                         23-7737
                                                                    NAC

TODD BLANCHE, ACTING UNITED STATES
ATTORNEY GENERAL,

*Respondent.**

_____

FOR PETITIONERS:    Reuben S. Kerben, Esq., Kerben Law Firm, P.C.,
                    Kew Gardens, NY.

FOR RESPONDENT:     Brian M. Boynton, Principal Deputy Assistant
                    Attorney General, Anthony C. Payne, Assistant
                    Director, Office of Immigration Litigation,
                    Jennifer A. Bowen, Trial Attorney; Office of
                    Immigration Litigation, Civil Division, United
                    States Department of Justice, Washington, DC.


UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Daniel Bolivar Barzallo-Andrade, Olga Marisela Peralta-Malla,

and their minor child, natives and citizens of Ecuador, seek review of an

October 13, 2023, decision of the Board of Immigration Appeals ("BIA") affirming

a July 22, 2022, decision of an Immigration Judge ("IJ") denying Barzallo-

Andrade's application for asylum, withholding of removal, and relief under the

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

Convention Against Torture ("CAT") and his motions to administratively close and to continue proceedings to await adjudication of a claim under the Federal Tort Claims Act ("FTCA"). *In re Daniel Bolivar Barzallo-Andrade, et al.*, Nos. A220 360 586/585/587 (B.I.A. Oct. 13, 2023), *aff'g* Nos. A220 360 586/585/587 (Immigr. Ct. N.Y.C. July 22, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

## I. Motions for Administrative Closure and Continuance

"We review the denial of administrative closure for abuse of discretion." *Garcia v. Garland*, 64 F.4th 62, 69 (2d Cir. 2023). The same is true for the "denial of a continuance," which we also consider "under [that] highly deferential standard." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Here, we conclude that the agency did not abuse its discretion in denying Barzallo-Andrade's motions for administrative closure and a continuance.

Administrative closure "temporarily remove[s] a case from an [IJ's] active calendar or from the [BIA's] docket." *Garcia*, 64 F.4th at 65 (quoting *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (B.I.A. 2012)). "It has been used, for example, to pause cases while the United States Citizenship and Immigration Services . . . adjudicates a noncitizen's pending visa petition, or a noncitizen facing removal on

3

criminal grounds pursues direct appeal or post-conviction relief in criminal court."

*Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 326–27 (B.I.A. 2021). In determining whether to administratively close proceedings, the agency considers "(1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood [that the applicant] will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings . . . when the case is recalandered before the [IJ] or the appeal is reinstated before the [BIA]." *Avetisyan*, 25 I. & N. Dec. at 688; *see also Matter of Cruz-Valdez*, 28 I. & N. Dec. at 327, n.1.

IJs use a similar standard to evaluate motions for continuance. An IJ "may grant [such] a motion for . . . good cause shown." 8 C.F.R. § 1003.29. And IJs determine whether a movant has shown good cause by "focus[ing] principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). The IJ "should also consider whether the alien has exercised reasonable diligence in

4

pursuing that relief, DHS's position on the motion, the length of the requested continuance, and the procedural history of the case." *Id.*

Barzallo-Andrade argues that the agency should have closed or continued his case because he has an administrative FTCA claim pending with U.S. Customs and Border Patrol and the Department of Homeland Security arising out of the conditions of his family's 9-day immigration detention. But the agency considered the relevant factors and reasonably concluded that Barzallo-Andrade had not shown that the FTCA claim would affect the outcome of his removal proceedings given that the claim requested only money damages. And while Barzallo-Andrade points out that some FTCA claims have resulted in settlements that included benefits such as deferred action or employment authorization, he has not identified whether his claim is comparable to those claims or explained why such an outcome is likely in his case. *See L-A-B-R-*, 27 I. & N. Dec. at 413 (placing burden on movant to show that a continuance is warranted). Finally, though Barzallo-Andrade correctly notes that the BIA discussed administrative closure without separately analyzing the availability of a continuance, the standards for the two overlap, and the BIA's decision reflects that it considered the relevant factors underlying both of Barzallo-Andrade's motions. *See L-A-B-R-*, 27 I. & N. Dec. at

5

413–17; *Avetisyan*, 25 I. & N. Dec. at 688; *see also Li Zu Guan v. INS*, 453 F.3d 129, 137 (2d Cir. 2006) (holding that remand is futile where "there is no realistic possibility of a different result on remand" (internal quotation marks omitted)).

## II. Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, a petitioner must show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [him]." 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted).

The IJ denied Barzallo-Andrade's asylum and withholding of removal claims because his proposed social groups were not sufficiently particular or socially distinct and, alternatively, because he failed to establish that the Ecuadorian government was or would be unable or unwilling to protect him. Because the agency's second finding is dispositive of asylum and withholding of

6

removal and is supported by substantial evidence, we need not reach the agency's determination that the proposed social groups are not cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Barzallo-Andrade testified that the police closed the investigation into his kidnapping for "lack of proof" and that he did not know who had attacked him because he was blindfolded. Certified Admin. Rec. at 137. While Barzallo-Andrade also testified that he believed the police closed his case because they were "afraid of the mafia," he admitted that he did not have support for this allegation. *Id.* at 136, 151. But "[u]nder the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (internal quotation marks omitted); *see also Scarlett*, 957 F.3d at 328. The fact that the police opened an investigation but later closed it for lack of evidence does not show that officials condoned the kidnapping or were completely helpless to protect kidnapping victims. *See Singh*, 11 F.4th at 114–15.

7

Barzallo-Andrade's challenges therefore fall short because "the unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty . . . controlling private behavior." *Scarlett*, 957 F.3d at 331 (internal quotation marks omitted and alterations accepted).

Finally, Barzallo-Andrade's CAT claim is unexhausted and abandoned because he did not raise it before the BIA and does not raise it here. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (internal quotation marks omitted)); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8